UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SEAN ZEIGLER,<br>      Petitioner,<br><br>vs.<br><br>WARDEN, LEBANON CORRECTIONAL INSTITUTION,<br>      Respondent. | Case No. 1:22-cv-47<br><br>Black, J.<br>Bowman, M.J.<br><br>**REPORT AND RECOMMENDATION** |

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his Hamilton County, Ohio, convictions in Case No. B1500506. (Doc. 1).

In August 2018, petitioner filed another case in this Court under § 2254, challenging the same convictions. *See Zeigler v. Warden, Lebanon Correctional Institution,* No. 1:18-cv-580 (Barrett, J.; Bowman, M.J.) (S.D. Ohio) (Doc. 1). The earlier-filed action was reinstated to the Court's active docket on March 2, 2022, and remains pending. The sole two grounds for relief in the instant action appear to assert ineffective-assistance-of-counsel claims that are also raised in Case No. 1:18-cv-580. (Compare Doc. 1, in Case No. 1:22-cv-47, to Doc. 12, at PageID 1374, & Doc. 16, at PageID 1431-32, in Case No. 1:18-cv-580).

The instant petition should be dismissed because it is duplicative of the prior petition. The District Court has the inherent power to dismiss an action when it is duplicative of another action pending in the federal court. *See, e.g., Baldwin v. Marshall & Ilsley Fin. Corp.,* No. 1:11-cv-804, 2011 WL 7499434, at *4 (S.D. Ohio Nov. 23, 2011) (Litkovitz, M.J.) (and numerous cases cited therein), *adopted*, 2012 WL 869289 (S.D. Ohio Mar. 14, 2012) (Weber, J.). Such power should be exercised in this case. *See, e.g., Davis v. United States Parole Comm'n,* No. 88–5905, 1989 WL 25837 (6th Cir. Mar.7, 1989) (the dismissal of a later-filed habeas petition as duplicative of a pending petition "was proper," in a case where the petitioner did "not dispute the

district court's finding that the . . . petition [was] 'essentially the same' as the earlier petition"); *see also Cummings v. Rapelje,* No. 11–cv–10239, 2011 WL 346480, at *1 (E.D. Mich. Feb. 3, 2011) (and cases cited therein) (in holding that a habeas petition was subject to dismissal as duplicative of the petitioner's "still pending first habeas petition, because both cases seek the same relief," the district court stated that "[a] suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions"); *Ware v. Wolfenbarger,* No. 2:07–cv–11006, 2007 WL 908004, at *1–2 (E.D. Mich. Mar. 23, 2007) (dismissing as duplicative a later-filed habeas petition, which "challenge[d] the same conviction and raise[d] the same claims and ma[de] the same arguments as the petition in the case pending before" another district judge).

Accordingly, it is hereby **RECOMMENDED** that petitioner's petition for a writ of habeas corpus (Doc. 1) in the instant action be summarily **DISMISSED without prejudice** to petitioner's prosecution of the duplicative habeas petition filed pursuant to 28 U.S.C. § 2254, which is currently pending before the Court in Case No. 1:18-cv-580.  *Cf. Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir.1993) (modifying the judgment so that the dismissal was without prejudice to the adjudication of the remaining pending action); *Green v. Quarterman,* No. Civ. A. H-08-553, 2008 WL 2489840, at *2 (S.D. Tex. June 18, 2008) (the dismissal of the duplicative habeas petition was "without prejudice").

## IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED without prejudice**.

2.  A certificate of appealability should not issue with respect any Order adopting this Report and Recommendation to dismiss without prejudice the instant habeas corpus petition on the procedural ground that it is duplicative of Case No. 1:18-cv-580.  Under the first prong of the

applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[1]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir.1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in the duplicative petition. *See Slack,* 529 U.S. at 484.

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SEAN ZEIGLER,<br>    Petitioner, | Case No. 1:22-cv-47 |
| vs. | Black, J.<br>Bowman, M.J. |
| WARDEN, LEBANON CORRECTIONAL INSTITUTION,<br>    Respondent. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).